AO 91 (Rev. 11/11) Criminal Complaint

FILED
MAY 22 2012
At ___ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

United States of America
v.
BRIAN NEWMAN

*Defendant(s)*

Case No. 3:12-mj-057

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 3/1/2012-5/15/2012 in the county of LaPorte in the Northern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| See Attached Charges | |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Matthew W. Chicantek, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/22/2012

S/Christopher A. Nuechterlein
*Judge's signature*

City and state: South Bend, Indiana

Christopher A. Nuechterlein, U.S. Magistrate Judge
*Printed name and title*

**COUNT 1:**

In or about March , 2012 through in or about April, 2012, in the Northern District of Indiana,

**BRIAN NEWMAN,**

defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce any minor, specifically female minor A.S., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was transported using any means and facility of interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

**COUNT 2:**

In or about March , 2012 through in or about April, 2012, in the Northern District of Indiana,

**BRIAN NEWMAN,**

defendant herein, knowingly received any visual depiction using any means or facility of interstate or foreign commerce, and the production of such depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.

All in violation of Title 18, United States Code § 2252(a)(2).

**COUNT 3:**

On or about May 15, 2012, in the Northern District of Indiana,

**BRIAN NEWMAN,**

defendant herein, did knowingly possess one or more books, magazines, periodicals, films, videos, tapes, or other matter which contained visual depictions which were shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, and which visual depictions were of such conduct.

All in violation of 18 U.S.C. § 2252(a)(4)(B).

STATE OF INDIANA )
) ss:
COUNTY OF ST. JOSEPH )

**AFFIDAVIT**

I, Matthew W. Chicantek, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since March 2010. I am currently assigned to the Merrillville Resident Agency (RA). While employed by the FBI, I have investigated federal criminal violations related to crimes against persons, narcotics possession and distribution, and gang activity. Prior to joining the FBI, I was employed as a Special Agent with the United States Secret Service (USSS) for approximately four years. While employed with the USSS, I received extensive training in the seizing and examination of computers and related electronic media as a member of the Electronic Crimes Special Agent Program (ECSAP). In addition to the training I received, I participated in numerous state-wide child pornography investigations. Additionally, I was previously employed as a Detective in the Crimes Against Children Unit of the Cobb County Police Department, Cobb County, GA. While I was a Crimes Against Children Detective, I investigated cases involving the sexual and physical abuse of children, as well as cases involving the production, receipt and possession of child pornography.

2. As a Federal Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3. What follows are the facts that I believe are necessary to establish probable cause for the issuance of the requested criminal complaint alleging

that Brian Newman violated Title 18, United States Code, Sections 2251(a), 2252(a)(2), and 2252(a)(4)(B) by knowingly employing, using, persuading, inducing, enticing, and coercing any minor, specifically female minor A.S., to produce child pornography, and knowingly receiving and possessing child pornography.

4. The facts set forth herein are either personally known to me or have been told to me directly by law enforcement officers and others with whom I have worked on this case. I have not included in this affidavit each and every fact known to me concerning this investigation.

## STATUTORY AUTHORITY

5. This investigation concerns alleged violations of 18 Title U.S.C. § 2251 and 2252, relating to material involving the sexual exploitation of minors.

a. Title 18 U.S.C. § 2251(a) prohibits any person from persuading, inducing, enticing, or coercing any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, including computer, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct.

b. Title 18 U.S.C. § 2252 (a)(2) prohibits knowingly receiving or distributing any child pornography that has been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

c. Title 18 U.S.C. § 2252(a)(4)(B) prohibits possessing one or more books, magazines, periodicals, films, or other materials which contain visual depictions of minors engaged in sexually explicit conduct that have been

transported in interstate or foreign commerce, or that were produced using materials that had traveled in interstate or foreign commerce.

**DEFINITIONS**

6. The following definitions apply to this Affidavit and Attachment B:

a. "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction was a digital image, computer image, or computer generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. See 18 U.S.C. § 2256(8).

b. "Minor" means any person under the age of 18 years. See 18 U.S.C. § 2256(1).

c. "Sexually explicit conduct" applies to visual depictions that involve the use of a minor, see 18 U.S.C. § 2256(8) (A), or that have been created, adapted, or modified to appear to depict an identifiable minor, see 18 U.S.C. § 2256(8). In those contexts, the term refers to actual or simulated (a) sexual intercourse (including genital genital, oral genital, or oral anal), whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person. See 18 U.S.C. § 2256(2) (A).

d. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which are capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

**BACKGROUND OF THE INVESTIGATION**

7. On October 5, 2011, M.H., a 15 year old female and her mother

Alyssa went to the Cary North Carolina Police Department and met with Detective (Det.) Gasperson. Det. Gasperson interviewed M.H. and obtained the following information: On October 4, 2011, M.H. was on Stickam.com when she was contacted by unknown subject. The unknown subject advised M.H. she was being recorded and directed her to another website. When M.H. viewed the aforementioned website, she saw herself live on camera.

8. Also on October 4, 2011, M.H. received a text message on her cellular telephone from an unknown number. The text message was from an unknown individual who threatened to post videos of M.H. posing nude on the internet (which she had sent to another individual who may be involved with the scheme, hereinafter referred to as "the nude videos") if she did not call him/her at 219-814-3153. Fearful that the unknown subject would make good on the threat, M.H. called the number provided.

9. An unknown male (hereinafter "the suspect") answered the telephone and told M.H. he would delete the nude videos he was in possession of if she would masturbate and let him watch. M.H. advised the unknown male she was only 15 years of age and she did not want to masturbate for him. The unknown male told M.H. he would show the nude videos to her mother, father, and friends if she did not do as he instructed. The suspect further instructed M.H. to log on to Yahoo Chat and begin chatting with the screen name jamoore69@yahoo.com . During the chat session with jamoore69@yahoo.com, the suspect instructed M.H. to remove all of her clothing, masturbate both vaginally and anally, and bite her nipples until they bled. At the completion of the chat session the suspect gave M.H. a time to call her back.

10. M.H. called the suspect back as instructed and he immediately began calling her derogatory names, such as whore and slut. Additionally the

suspect advised M.H. not to call the police or he would post her videos on the internet. The suspect further advised M.H. the telephone he was talking with her on did not belong to him. M.H. was instructed to masturbate again as she did during the previous chat session. According to M.H., she began to cry because what she was doing was painful. Due to the pain, M.H. told the suspect she wanted to stop. The suspect told M.H. she would do "whatever the fuck I tell you right now." Furthermore the suspect told M.H. it was going to hurt when he raped her, and the suspect continued saying he wanted to rape her in real life.

11. Det. Gasperson searched a publicly available database and determined telephone number 219-814-3153 was a cellular telephone number assigned to Ashley Peoples, 603 Benton Street, Michigan City, Indiana 46360. 603 Benton Street, Michigan City, Indiana 46360 is located in close proximity to 610 Benton Street, Michigan City, Indiana 46360.

12. On December 12, 2011, Det. Gasperson served a subpoena on Comcast, for IP address 67.175.37.182 for the dates and times M.H. was chatting with jamoore69@yahoo.com.

13. On December 14, 2011, Comcast responded and provided documentation identifying the subscriber using IP address 67.175.37.182 at the specified date and time as Tammy Hugley with a billing and service address of 610 Benton Street, Michigan City, Indiana 46360.

14. On November 3, 2011, N.B. a 13 year old female filed a report with Det. Wittke, Mound Police Department, Mound Minnesota. According to N.B. a male, who identified himself as Mark Brown, approached her online and offered to pay her $10,000 if she would send him nude photographs of herself. Using the computer program Skype N.B. sent Brown nude videos of herself.

15. The following day N.B. received a Facebook message from a subject

who identified himself as Jerome Moore. The suspect advised N.B. that Brown did this to his sister and he would help her remove the photographs from the internet. The suspect asked N.B. to call him at the following telephone number: 219-814-3153 (the same number the suspect used to communicate with M.H.). While on the telephone, the suspect began to threaten N.B. saying he would show the videos she made to her parents if she did not take her clothes off for him. N.B. advised the suspect she was only 13 years of age but he continued to demand she remove her clothes.

16. Utilizing the computer program Yahoo Chat, N.B. began chatting with user jamoore69@yahoo.com and N.B. did remove all of her clothes for the suspect. According to N.B., once she removed all of her clothing the suspect began making "sexual comments to her". When the suspect began making "sexual" comments, N.B. said she ended the telephone call.

17. On May 8, 2012, A.S. a 16 year old female reported the following to the New York State Police: Several months earlier she was contacted on Facebook by a male who identified himself as Jerome. Jerome told A.S. that a male she knew as Mark had hacked into her IPAD and had video of her getting dressed in her room. Jerome told A.S. he could get the videos back if she would agree to Skype with him. Once on Skype, Jerome told A.S. he wanted her to strip for him and masturbate, which she did. According to A.S., she would not allow Jerome to record the Skype sessions so she was instructed to email the pictures to the email account jamoore69@yahoo.com.

18. On or about April 20, 2012, Michigan City Police Department Detective (Det.) Sergeant (Sgt.) Matt Barr telephonically interviewed A.S., and she provided the following information: According to A.S., in March 2012, she was contacted via Facebook by a male who identified himself as Jerome Moore (the investigation later identified Moore as Brian Newman). Newman told A.S.

he was in possession of nude pictures of her she posted on Facebook. Newman asked for A.S.'s telephone number so they could discuss the matter further. Newman called A.S. and asked her age, to which A.S. responded that she was 16. Newman told A.S. if she wanted him to destroy the nude photographs he was in possession of she would have to send him additional nude photographs and that if she refused to send the aforementioned photographs, Newman said he would send the nude photos to her family and friends. A.S. said that she subsequently sent Newman pictures of her vagina and breasts. Additionally, A.S. said Newman told her to masturbate using a hair brush. According to A.S. she sent the photographs to ja_moore69@yahoo.com (which has been identified as Newman's email account).

19. As noted in the Cary Police Department investigation above jamoore69@yahoo.com is assigned IP address 67.175.37.182. On April 23, 2012, Det. Barr served a search warrant at Yahoo for jamoore69@yahoo.com. On May 10, 2012, Yahoo responded and sent Det. Barr the content of jamoore69@yahoo.com. Upon review of the information contained in the email account jamoore69@yahoo.com, Det. Barr observed the photos that A.S. described she sent to jamoore69@yahoo.com.

20. After reviewing leads and reports summarizing the above information, the Merrillville RA, Indianapolis Division of the FBI began its own investigation of jamoore69@yahoo.com, 610 Benton Street, Michigan City, Indiana 46360, telephone number 219-814-3153, and 603 Benton Street, Michigan City, Indiana 46360.

21. On April 25, 2012, I conducted a physical surveillance of 610 Benton Street, Michigan City, Indiana 46360 and observed a silver Subaru sedan parked in the driveway of the aforementioned address. A check of the license plate revealed it was registered to a Adam Hugley at the same address.

22. On April 27, 2012, I searched a law enforcement database that can be searched via the Internet, for 610 Benton Street, Michigan City, Indiana 46360. The result showed a Tammy and Adam Hugley residing at the aforementioned address.

23. As previously stated telephone number 219-814-3153, is assigned to Ashley Peoples at 603 Benton Street, Michigan City, Indiana 46360, and it is reiterated that M.H. said that the suspect told her that the telephone he was talking with her on did not belong to him.

On May 11, 2012, a search of a publicly available database revealed Ashley Peoples and Brian Newman reside at 603 Benton Street, Michigan City, Indiana 46360. 28. On May 11, 2012, a search of Indiana's BMV records showed Brian Newman and Ashley Peoples residing at 603 Benton Street, Michigan City, Indiana 46360. According to the BMV's records Newman's date of birth is XX-XX-1966 and Peoples' date of birth is XX-XX-1990. The month and day have been redacted for purposes of this affidavit. In 2007 in a CHINS case, Newman's 15 year old son reported to the principle of his middle school that his father was using his (the son's) myspace account to chat with young girls. Further, the Denver office of the FBI has an open investigation from 2007 regarding Newman where he was allegedly contacting underage girls via the internet using a pseudonym and using threats to make them pose naked for him. As in this case Newman would allegedly have the girls masturbate using a hair brush. As part of this investigation, a search warrant was conducted on Newman's home in Michigan City for a computer and no computer was found because he had been using a rental computer that had been recently returned to the rental company and the hard disk had been "wiped."

24. On Tuesday, May 15, 2012, federal search warrants were executed at 603 and 610 Benton Street, Michigan City, IN for computers and other

evidence relating to child pornography offenses. At 610 Benton Street, officers determined that, as suspected, a wireless router with no password protection was being operated at this residence, and that there was no indication that the owner, Ms. Hugley, was involved in the offenses under investigation.

25. At 603 Benton Street, Michigan City, Indiana, Newman was not present at the time of the search, but Ms. Peoples was present and agreed to be interviewed by investigators. After being advised of and waiving her right to remain silent, Peoples said that she and Newman have lived at the residence located at 603 Benton Street for approximately two years. According to Peoples, she did not know Newman's current whereabouts because he had left the house while she was still asleep that morning. She also said that the only computer in the residence is a black Hewlett Packard laptop ("the laptop") which they keep under the couch in the living room. The investigators were unable to locate the aforementioned laptop under the couch or anywhere in the residence, leading Peoples to conclude that Newman had taken it with him when he left.

26. According to Peoples, she and Newman are the only users of the laptop. They each have their own separate accounts and they are each password protected. Peoples said she does not know Newman's password but she confirmed that his email address is ja_moore69@yahoo.com, the email address used by the suspect. On one occasion, Peoples said she returned home from work and found Newman asleep at the laptop. According to Peoples, before Newman fell asleep he failed to lock the laptop. Since the laptop was unlocked, Peoples said she looked at the contents of Newman's account on the laptop and observed numerous pictures of nude young females, whom she believed to be between the ages of 14-15.

27. We were able to determine that after leaving his home on the

morning of Tuesday, May 15, 2012, Newman went to the home of Kevin and July Wilford, 6964 Northwest Suburban Drive, LaPorte, Indiana. We interviewed Mr. and Ms. Wilford in the afternoon of May 15, and they said that Newman arrived at their house at approximately 7:00 a.m. Ms. Wilford, who is a lifelong friend of Newman, said he told her the police were at his house but he was unsure why. Although she said she did not see Newman with a laptop, Ms. Wolford said Newman was not in her presence the entire time he was at her house. Ms. Wilford said Newman asked her if she and her husband would drive him to his attorney's office which they did. Mr. and Ms. Wolford allowed investigators to search their property in an attempt to locate Newman's laptop but none was located.

28. At approximately 9:00 P.M. on Tuesday, May 15, 2012, Ms. Wilford contacted Federal Bureau of Investigation Special Agent (SA) Lana Sabata by telephone. SA Sabata had spoken to Ms. Wilford earlier that day and left her a business card. Ms. Wilford advised SA Sabata that after giving it much thought she and her husband decided they did not want to get in the middle of Newman's legal troubles. In furtherance of this decision, Ms. Wilford said she and her husband began to search their property for Newman's laptop. While looking in their garage, Ms.Wilford said she and her husband located a black Hewlett Packard laptop computer wrapped in black garbage bag lying in the rafters of the garage which they did not own or recognize and presumed that it may have been left earlier in the day by Newman.

29. After speaking with the Wilfords, SA Sabata contacted Det. Barr who went to the Wilford's residence. The Wilfords turned the black Hewlett Packard laptop over to Det. Barr , who currently has custody of the laptop at the Michigan City Police Department located at 102 West Second Street, Michigan City, IN 46360. The laptop was of the general type described by Ms.

People as being owned by Newman, and is a black, HP Compaq Presario laptop computer, model CQ57, serial number 4CZ1202M43.

30. On May 21, 2012, pursuant to the execution of a Federal Search Warrant issued for the laptop, Det Sgt. Barr conducted a forensic examination on Newman's laptop computer. Det. Sgt. Barr discovered numerous photographs sent from A.S.'s email account to Newman's account ja_moore69@yahoo.com. The following are descriptions of three of the photographs:

- A close up photograph of A.S.'s vagina with the handle of a pink hairbrush inserted.
- A close up of A.S.'s vagina in which she is using her fingers to spread it apart.
- A close up of A.S.'s vagina.

Copies of these photographs are contained in a manila envelope marked "Caution Child Pornography" and "Newman Complaint Images." This envelope and contents are available for inspection by the magistrate judge, and will be maintained sealed in the FBI file regarding this investigation. Det. Sgt. Barr verified with A.S. she sent the aforementioned photographs of herself to Newman's email account ja_moore69@yahoo.com.

**PROBABLE CAUSE**

31. Based on the above facts, I believe probable cause exists for the issuance of a complaint charging Brian Newman with knowingly employing, using, persuading, inducing, enticing, and coercing any minor, specifically female minor A.S., to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign

commerce by any means, including by computer, and the visual depiction was transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251, receiving any visual depiction using any means or facility of interstate or foreign commerce, and the production of such depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct in violation of Title 18, United States Code § 2252(a)(2), and possessing one or more books, magazines, periodicals, films, videos, tapes, or other matter which contained visual depictions which were shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, and which visual depictions were of such conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

32. I therefore respectfully request that the attached warrant be issued authorizing said complaint and that a motion to seal the complaint until the arrest of the defendant be granted.

FURTHER AFFIANT SAYETH NAUGHT.

Matthew W. Chicantek
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 22nd day of May, 2012.

S/Christopher A. Nuechterlein

U.S. Magistrate Judge
Northern District of Indiana